IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Darion E. Parker, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>Regional Acceptance Corporation, )<br>)<br>)<br>　　　　　Defendant. )<br>) | Civil Action No. 6:21-cv-1724-TMC<br><br>**ORDER** |

Plaintiff Darion E. Parker ("Parker") brought this action *pro se* and *in forma pauperis* alleging that Defendant Regional Acceptance Corporation ("Regional") violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692–1692p, and the Truth in Lending Act ("TILA"), *see* 15 U.S.C. § 1601–1616, in connection with his purchase of an automobile. (ECF Nos. 1; 10). In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court dismiss Parker's action without issuance and service of process for failure to state a claim. (ECF No. 19 at 7). Parker filed objections to the Report. (ECF No. 24). The matter is ripe for review, and the court need not conduct a hearing to dispose of the matter as the materials before the court are adequate to render a decision.

### I. Procedural Summary and Background

The Report adequately summarizes the facts and background (ECF No. 19 at 1–3) and the court will not recount the facts at length here. In short, on January 5, 2014, Parker entered into a retail installment contract with a Hyundai dealership in Greer, South Carolina, to finance the

purchase of an automobile. (ECF Nos. 1 at 6; 10 at 4, 9). The contract was assigned to Regional upon execution. (ECF No. 10 at 4). In March 2021, Parker, having learned that Regional believed he owed money in connection with the January 5, 2014, retail installment contract, contacted Regional and requested "validation" of the debt. (ECF No. 1 at 6). Parker alleges Regional, in an effort to collect the alleged debt, refused to validate the debt, used profane language, and gave him misleading information in violation of various FDCPA provisions. *Id*. at 9–11. Parker also asserts that Regional violated TILA requirements and seeks to recover damages under 15 U.S.C. §§ 1605, 1611, 1640. *Id*.

The magistrate judge determined that, with respect to Parker's FDCPA causes of action, the complaint fails to state a claim because the FDCPA applies only to debt collectors and Regional does not qualify as a "debt collector" under the FDCPA. (ECF No. 19 at 6).  As noted by the magistrate judge, the Fourth Circuit requires a plaintiff asserting a claim under the FDCPA to allege that (1) he was the object of collection activity arising from a consumer debt as defined in the FDCPA; (2) the defendants are debt collectors as defined in the FDCPA; and (3) the defendants engaged in an act or omission prohibited by the FDCPA. *Id*. (citing *Boosahda v. Providence Dane LLC*, 462 Fed. App'x 331, 333 n.3 (4th Cir. 2012)). Significantly, "[t]he FDCPA does not apply to creditors who collect their own debts; it applies only to debt collectors who collect debts owed to another." *Frazier v. Morristown Mem'l Hosp*., 767 Fed. App'x 371, 375 (3d Cir. 2019). Based on the documents attached to and referenced by the complaint, the magistrate judge determined that Regional "is a creditor collecting its own debt and is, therefore, not a debt collector." (ECF No. 19 at 7, 7 n.2). Accordingly, the magistrate judge concluded that Parker failed to state a claim under FDCPA and recommended that the court dismiss the action without issuance and service of process. *Id*.

## II. Legal Standard

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

3

for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Parker is proceeding *pro se*, this court is charged with construing the complaint liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

As an initial matter, Parker does not object to the magistrate judge's findings, conclusions or recommendations with respect to his claims under the FDCPA. *See* (ECF No. 24). Having carefully reviewed this portion of the Report and finding no clear error, the court agrees with, and wholly adopts and incorporates herein, the magistrate judge's findings and recommendations in the Report that Parker failed to state a claim under the FDCPA. (ECF No. 19 at 5–7).

Parker's sole objection states that "the cause of action was for . . . violations of the Truth in Lending [Act]," specifically 15 U.S.C. § 1605. (ECF No. 24 at 1). The court construes Parker's objection as challenging the Report on the basis that it fails to address his TILA allegations. The court agrees with Parker that the Report does not address the complaint's allegations that Regional violated TILA and is liable to him under 15 U.S.C. §§ 1605, 1611.

"Congress enacted [the Truth in Lending Act] in 1968, as part of the Consumer Credit Protection Act . . . to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit. . . ." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 53–54 (2004). "[T]o

4

enforce the disclosure requirements under the Truth in Lending Act, 'Congress gave the debtor a right to specific information and therefore defined 'injury in fact' as the failure to disclose such information.'" *Watkins v. SunTrust Mortg., Inc.*, 663 F.3d 232, 240 (4th Cir. 2011) (Wynn, J., dissenting) (quoting *White v. Arlen Realty & Dev. Corp.*, 540 F.2d 645, 649 (4th Cir.1975)). Therefore, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations. *See* 15 U.S.C. 1640(a).

According to the complaint, Regional violated § 1605 by either taking or attempting to take cash "in a consumer credit transaction with a finance charge involved." (ECF Nos. 1 at 11; 24 at 1). Parker fails to allege any facts from which the court, using even the most liberal construction, can discern how Regional violated any disclosure obligations imposed by § 1605 or any other provision set forth in TILA. Thus, the court concludes that Parker has failed to state a claim under TILA. *See Clark v. Carvana*, No. 1:21-cv-01113, 2021 WL 2478570, at *3 (N.D. Ga. Apr. 28, 2021) ("[A]s for Clark's claim based on § 1605 that defendants took cash in a consumer credit transaction in which a finance charge was involved, he does not elaborate on this claim or provide any facts in support, and his allegation is therefore insufficient to state a plausible claim for relief." (citation omitted)).[1]

---

[1] To the extent Parker seeks to recover against Regional under 15 U.S.C. § 1611 for violations of TILA, (ECF No. 1 at 9), the court concludes the claim is frivolous. Section 1611 imposes criminal penalties for willful and knowing TILA violations; it does not support a private civil cause of action. *See, e.g.*, *Carrasco v. M&T Bank*, No. SAG-21-0532, 2021 WL 1634711, at *5 (D. Md. Apr. 27, 2021) ("[A civil] Plaintiff cannot recover the criminal penalties described in 15 U.S.C. § 1611.").

## IV. Conclusion

Accordingly, for both the reasons set forth in the Report (ECF No. 19) and the additional reasons set forth in this order, the court **DISMISSES** this action, without issuance and service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

September 10, 2021
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.